IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EARL EUGENE BATES, | ) | |
| AIS #322081, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-918-WHA-KFP |
| | ) | |
| DR. GERALD LANCASTER, et. al., | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This 42 U.S.C. § 1983 action is before the Court on the Amended Complaint filed by Plaintiff, an indigent state inmate at the Donaldson Correctional Facility, challenging the constitutionality of actions taken against him at Donaldson on October 26, 2020. Doc. 5 at 3–4. He names a physician and correctional officers employed at Donaldson as Defendants. Doc. 1 at 2. Upon review of the Amended Complaint, the undersigned finds that this case should be transferred to the United States District Court for the Northern District of Alabama in accordance with 28 U.S.C. § 1406.

**II.   DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district or division where it could have been brought." 28 U.S.C. § 1406(a).

Donaldson is located within the jurisdiction of the United States District Court for the Northern District of Alabama. The actions described in the Amended Complaint occurred in that district, and the individual named Defendants reside in that district. Under these circumstances, the claims in the Amended Complaint are beyond the venue of this Court, and venue is proper in the Northern District of Alabama.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).[1] It is further

ORDERED that on or before **December 24, 2020**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

---

[1]In transferring this case, the Court makes no determination on the merits of Plaintiff's claims in the Amended Complaint.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of December, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE